John MATERA, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 06–5775–pr.

United States Court of Appeals, Second Circuit.

Oct. 29, 2008.

**62**

Gary Schoer, Syosset, N.Y., for Appellant.

Michael Stoer, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Jo Ann M. Navickas, David C. James, Assistant United States Attorneys, on the brief), Eastern District of New York, N.Y., for Appellee.

Present: WILFRED FEINBERG, RALPH K. WINTER and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

**AFTER ARGUMENT AND UPON CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DE-CREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Petitioner, John Matera appeals from a November 30, 2006 order of the United States District Court for the Eastern District of New York (Weinstein, J.) denying his motion, filed pursuant to 28 U.S.C. § 2255, to vacate his sentence. We issued a certificate of appealability on the question of whether a report referred to herein as the "Hydell Report" was "exculpatory and therefore material for *Brady/Giglio* purposes." We assume the parties' familiarity with the facts, proceedings below, and the issues raised on appeal.

As an initial matter, our review of the district court's opinion indicates that it applied the correct standards in assessing whether there was a *Brady/Giglio* violation. *See United States v. Rivas,* 377 F.3d 195, 199 (2d Cir.2004); *United States v. Gambino,* 59 F.3d 353, 365 (2d Cir.1995). We affirm the district court because we conclude that even assuming that the Hydell Report was exculpatory or impeaching, it was not material. *Gambino,* 59 F.3d at 365 ("[M]ateriality exists 'only if

there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' ") (quoting *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). As the district court stated, the Hydell Report does not negate the existence of a partnership between Ferrara and Matera, and in fact mentions Matera as being involved in Ferrara and Guerra's activities; other reports from Hydell state that Ferrara and Matera worked together; other witnesses provided testimony as to Matera's involvement in marijuana distribution in which they described Matera and Ferrara as partners, with Ferrara supplying and Matera distributing marijuana; and further, an FBI agent testified as to receipts from a shipping company that was used by both Ferrara and Matera.

Accordingly, the judgment of the district court hereby is AFFIRMED.